UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ISAAC PORRAS, ALBERTO PERES,
JESUS HERNANDEZ, PERRY KELLY,
RAUL COLON,

        Plaintiffs,

v.                                      Case No. 13-CV-850 KG/SCY

ADMIRAL BEVERAGE CORPORATION
A foreign for-profit corporation,

        Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiffs' Motion to Remand, filed October 31, 2013, (Doc. 13).  On August 12, 2013, Plaintiffs filed a Complaint for Damages in the Second Judicial District Court, County of Bernalillo, State of New Mexico, asserting four claims: Count I, Invasion of Privacy; Count II, Wrongful Termination by Constructive Discharge; Count III, Breach of Implied Contract; Count IV, Intentional Infliction of Emotional Distress; Count V, Defamation; and Count VI, Prima Facie Tort.  In their complaint, Plaintiffs request an "award of damages, reasonably calculated to compensate Plaintiffs and punish Defendants [sic] (including pre and post-judgment interest)[, and] reasonable costs and attorneys' fees[.]"  (Doc. 1-1) at 11.  Plaintiffs made no specific allegation of damages in the complaint.

       On September 9, 2013, Defendant filed a Notice of Removal, asserting federal subject matter jurisdiction based on diversity of citizenship.  Defendant asserts that while the face of the complaint does not specify the amount in controversy, this case is properly removed because the jurisdictional amount can be estimated from the allegations in the complaint, and that the estimate of damages exceeds $75,000.  On November 18, 2013, Defendant filed a Response in Opposition to Plaintiffs' Motion to Remand, (Doc. 16).   I am asked to determine whether the

amount in controversy in this case exceeds $75,000 even though Plaintiffs do not allege a specific amount of damages in their complaint. I find that the alleged facts and theories of recovery in Plaintiffs' complaint support a claim in excess of $75,000. As a result, I deny the Plaintiffs' Motion to Remand.

In addition to diverse state citizenship between the parties, federal subject matter jurisdiction under 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000 exclusive of interest and costs. Ordinarily, this can be determined simply by examining, and in some cases aggregating, the damages specifically alleged on the face of the complaint. In some cases, as in this case, wherein a plaintiff refrains from alleging any particular sum in its request for relief it is not clear from the face of the complaint what damages a plaintiff seeks. A plaintiff's failure to allege a dollar amount of damages, however, is not dispositive of whether the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.,* 529 F3d 947, 955 (10th Cir. 2008). The Tenth Circuit provides the applicable rule.

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Moreover, the Tenth Circuit in *McPhail* stated, "defendant may rely on an estimate of potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." 529 F.3d at 956 (internal citation omitted). A court may make "this determination by reading the face of the complaint even though it did not

specify the numerical value of the damage claim." *Id.* (internal quotations and brackets omitted).

The face of the complaint in the instant case includes five plaintiffs each advancing six claims as described above, and each of the five plaintiffs seeks compensatory and punitive damages. Moreover, each plaintiff has offered to settle their respective claims against Defendant for $74,000. Docs. 13-1 to 13-5 (NMRA Rule 1-068 Offer of Settlement). "[A] plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Id.* at 956 (quoting *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (acknowledging use of settlement offer would not be permissible at trial as evidence of liability for or invalidity of claim, it is permissible for district court to consider settlement offers when deciding jurisdictional questions).

> The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegation in the notice of removal, even though they cannot be used to support the ultimate amount of liability."

*Id.* From the offers of settlement it is clear that on October 31, 2013, when Plaintiffs filed the offers to settle, they acknowledged the amount in controversy for each defendant is at least $74,000. Although a post-removal settlement offer cannot be made to circumvent the amount in controversy requirement, I find it demonstrative of Plaintiffs' own estimate of damages. I find Defendant has shown by a preponderance of evidence, that the amount in controversy is $75,000, factoring in the number of plaintiffs as well as the number and types of claims alleged on the face of the complaint. *See id.* (considering plaintiff's own estimate to settle claim as means to support removal).

Accordingly, Plaintiffs' Motion to Remand (Doc. 13) is DENIED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE