IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC PORRAS, ALBERTO PERES,
JESUS HERNANDEZ, PERRY KELLY,

        Plaintiffs,

v.                                                                          No. 1:13-cv-00850-KG-SCY

ADMIRAL BEVERAGE CORPORATION,
a foreign for-profit corporation,

        Defendants.

**PROPOSED FINDING AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on review of the record. On March 12, 2015, Defendant filed a motion indicating that Plaintiff Isaac Porras had failed to appear at his scheduled deposition and had failed to respond to Defendant's written discovery requests. *Doc. 57*. Defendant requested that the Court order Mr. Porras to appear at a hearing and show cause why his claims should not be dismissed as a sanction for this conduct. One day later, Defendant filed a parallel motion stating that Plaintiff Alberto Peres had also failed to appear at this deposition. *Doc. 58*. After reviewing these motions, the Court scheduled a show cause hearing on April 28, 2015 and ordered Mr. Porras and Mr. Peres to appear at this hearing in person. *Doc. 71*. In bold letters, the Court further advised Mr. Porras and Mr. Peres that failure to appear at the hearing would result in dismissal of their claims pursuant to Rule 41(b) or as a sanction under Federal Rule of Civil Procedure 37(d). *Id.* A copy of this order was mailed to Mr. Porras and Mr. Peres at their addresses of record.[1]

---

[1] The Court obtained Mr. Porras's address from his attorney's updated Motion to Withdraw (*Doc. 73* dated April 6, 2015). Similarly, the Court obtained Mr. Peres's address from his attorney's Motion to Withdraw (*Doc. 62* dated March 18, 2015).

Despite this warning, neither Mr. Porras nor Mr. Peres appeared as required. At the hearing, Defense counsel, Alex Walker, indicated that he had spoken with Mr. Porras[2] after the Court scheduled the show cause hearing and that Mr. Porras had stated that he no longer wanted to participate in this lawsuit. According to Mr. Walker, he sent Mr. Porras dismissal documents to sign, but received no response.

With regard to Mr. Peres, in his Motion to Withdraw, his attorney, Robert Scott, stated that his office had "attempted to contact Mr. Peres by letter and phone without success since Mr. Peres failed to appear for his deposition on 3/12/15." *Doc. 62* at 1. At the show cause hearing, Mr. Scott explained that he had attempted to give Mr. Peres notice of the hearing, but was unable to reach him. He explained that he construed Mr. Peres's failure to respond to his communications as evidencing his lack of desire to proceed with the case.

In light of these representations and in light of Plaintiffs Porras's and Peres's failure to appear at their depositions and the show cause hearing, I recommend that the Court dismiss Plaintiffs Porras's and Peres's claims for lack of prosecution under Fed. R. Civ. P. 41. In deciding whether to dismiss a case under Rule 41, a Court must consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-1152 (10th Cir. 2007). Here, these factors weigh in favor of dismissal. All evidence indicates that Plaintiff Porras and Peres had notice of their depositions, but failed to appear as required. These failures unnecessarily wasted Defendant's time and resources and resulted in the Court scheduling a

---

[2] Mr. Porras was acting *pro se* at the time Mr. Walker contacted him. Further, Mr. Walker contacted Mr. Porras in response to a Court order that he try and resolve discovery disputes through a direct conversation rather than an exchange of correspondence.

show cause hearing to discuss case participation with Plaintiffs Porras and Peres. The Court informed Plaintiffs Porras and Peres that attendance at this hearing was mandatory and warned them that dismissal of their claims would result if they were not present. Plaintiffs Porras and Peres, however, again failed to appear. Given this history, the Court does not believe lesser sanctions would be effective in convincing Plaintiffs to comply with the obligations of litigation. It is, therefore, my recommendation that the Court dismiss the claims of Plaintiffs Porras and Peres with prejudice under Rule 41.

                                                  HONORABLE STEVEN C. YARBROUGH
                                                  United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**